COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-095-CR

 

 

JAMES EARL STARNES                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant James Earl
Starnes appeals from his conviction and sixty-year sentence for felony driving
while intoxicated.  In two points,
appellant contends that the evidence was legally insufficient to establish that
he was the person driving the truck and that the trial court erred by
overruling his motion for mistrial after a State witness improperly volunteered
bad character evidence.  We affirm.

II.  Background Facts

At approximately 8:00
p.m. on February 4, 2005, Toni Garrett and her mother, Karen Garrett, were
driving north on Interstate 35 from Lewisville to Denton, Texas.  Suddenly, a driver in a pickup truck swerved
into their lane of traffic, nearly hitting Karen=s
van.  The driver continued to swerve in
and out of traffic lanes and almost hit several other vehicles, so the Garretts
followed him to get the license plate number and report the unsafe driving.

Toni called 911 while
her and Karen followed the driver off Interstate 35, then back on, then back
off again, and into a residential neighborhood. 
Eventually, the driver of the truck paused in front of a house, reversed
and went forward several times, and stopped after hitting a mailbox.  The Garretts drove fifty yards past the
truck, parked in a spot where they could watch it and the driver, and remained
on the phone with the 911 dispatcher until the police arrived.

While waiting for the
police to arrive, the Garretts saw a man get out of the truck=s
passenger side and walk into the house. 
The driver, however, remained in the truck.  When the police officers arrived, they found
appellant sitting in the driver=s seat.








After conducting a
field sobriety test and asking appellant to recite portions of the alphabet and
count backwards, the officers determined that appellant was intoxicated and
arrested him.  The results of appellant=s
blood specimen, which was taken at 9:45 p.m. on February 4, 2005,  indicated a blood-alcohol concentration of
0.20.

Subsequently, the State
indicted appellant for driving while intoxicated, and appellant pled not
guilty.  On February 8, 2006, a jury
found appellant guilty and found the habitual offender enhancement true, and
the trial court assessed appellant=s punishment at sixty years=
confinement.

III.  Appellant=s
First Point

In his first point,
appellant contends that the evidence was legally insufficient to establish that
he Awas actually operating@ the
truck immediately before his arrest for driving while intoxicated.

A.  Standard of Review

In reviewing the legal sufficiency of the evidence to support a
conviction, we view all the evidence in the light most favorable to the verdict
in order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d 691, 693
(Tex. Crim. App. 2005).








This standard gives full play to the responsibility of the trier
of fact to resolve conflicts in the testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at
2789.  The trier of fact is the sole
judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








The sufficiency of the evidence should be measured by the elements
of the offense as defined by the hypothetically correct jury charge for the
case.  Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997); Bowden v. State, 166 S.W.3d 466, 470
(Tex. App.CFort Worth 2005, pet. ref=d).  Such a charge would be one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily
restrict the State=s theories of liability, and
adequately describes the particular offense for which the defendant was
tried.  Gollihar v. State, 46
S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik, 953 S.W.2d at 240.  The law as authorized by the indictment means
the statutory elements of the charged offense as modified by the charging
instrument.  See Curry, 30 S.W.3d
at 404.[2]

B. 
Analysis

A person commits the offense of driving while
intoxicated if he is intoxicated while operating a motor vehicle in a public
place.  Tex.
Penal Code Ann. ' 49.04(a) (Vernon 2003).  Appellant asserts that the evidence was not
sufficient to establish that he drove the truck immediately before his
arrest.  We disagree.  








Testimony at trial revealed that after the Garretts
followed the swerving truck off Interstate 35 for the second time, they saw the
driver pause in front of a house, reverse and pull forward several times, and
hit a mailbox before ultimately stopping. 
Neither Karen nor Toni saw who was actually driving the truck.  

Karen drove past the truck and parked
approximately fifty yards away so she and Toni could watch the truck and its
two occupants and provide identification information to the police.  While watching, the Garretts saw a man get
out of the truck=s passenger seat and walk
inside the house.  However, neither Toni
nor Karen could see the passenger=s
face.  

After the passenger walked inside, the Garretts
continued to watch the person sitting in the truck=s
driver=s seat
through the rear window of Karen=s
van.  Toni also remained on the phone
with the 911 dispatcher and informed the dispatcher of the driver=s and
passenger=s movements.  Toni testified that she and her mother
watched the truck=s driver until the police
arrived, but neither Toni nor Karen testified that they saw the driver=s
face.  However, both women testified that
the person sitting in the driver=s seat
opened the driver-side door, stuck his leg out, but never left the truck until
the police arrived.  Toni, Karen, and the
911 dispatcher=s testimonies all reflected
that there had been only two people in the truck.    








Officer David Bernal, the first officer to
arrive on the scene, testified that he walked up to the truck that the Garretts
had described to the 911 dispatcher and spoke with appellant, who was still
sitting in the truck=s driver=s seat
behind the steering wheel.  During his
conversation with appellant, Officer Bernal detected a strong odor of alcohol
and saw that appellant=s eyes were red and
glassy.  Officers Lisa Martin and Patrick
Black arrived at the truck next.  Officer
Martin testified that she also smelled alcohol and noticed that appellant had
glassy eyes and swayed while standing. 
Officer Martin heard appellant say that he was the owner of the truck,
but that someone else had driven it from Irving or Dallas to Denton.

The officers conducted the horizontal gaze
nystagmus test, and appellant showed six out of six clues for
intoxication.  The officers also asked
appellant to recite the alphabet from AD@ to AV.@  Appellant repeated the letter AE@
twice. Officer Martin then asked appellant to count backwards from A56A to A23.@  Appellant repeated the number A41A
twice.








Officer Martin next spoke with Tommy Lidster,
who was inside the home where appellant parked his truck.  Lidster admitted to riding in the truck, but
told Officer Martin that he did not drive it. 
Prior to appellant=s trial, Lidster also stated
that he was not going to Aroll on@
appellant.  At trial, however, Lidster
admitted that he and appellant were alone in the truck during their drive from
Irving or Dallas to Denton, Texas.  When
asked who was driving the truck, Lidster first stated, AI guess I was because [appellant] wasn=t,@ and, @There weren=t but two of us in there.@  However, when the
State asked Lidster the question again, Lidster responded, AI=m not going to say I was [driving]; I=m not going to say I wasn=t.@  Despite further
questioning, Lidster refused to clarify his testimony on this issue.  








Thus, both
appellant and Lidster conceded that they were the only two people in the truck;
appellant stated that Lidster drove, but Lidster refused to admit it.  Plus, the Garretts watched and followed the
truck until the officers arrived; they saw only two people in the truck, and
only one person, the passenger, exit the truck. 
The Garretts never saw the person sitting in the driver=s seat exit the truck, and the officers found appellant
sitting in the driver=s seat.  See
Perez v. State, 432 S.W.2d 954, 954-55 (Tex. Crim. App. 1968) (using
witness=s statement that he only saw defendant sitting in a car
immediately after a crash in sufficiency analysis to prove that defendant was
the driver); Chaloupka v. State, 20 S.W.3d 172, 174-75 (Tex. AppCTexarkana 2000, pet. ref=d) (using witness=s testimony that he followed defendant into a rest area,
saw defendant get out of vehicle holding two beers, stumble, and drink the beer
in legal sufficiency analysis to establish that defendant drove while
intoxicated).  After viewing this
evidence in the light most favorable to the verdict, we conclude that any
rational trier of fact could have found beyond a reasonable doubt that
appellant was driving the truck immediately before his arrest, and was
intoxicated while doing so.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at
693.  Accordingly, we overrule appellant=s first point.

IV. 
Appellant=s Second Point

In his second point, appellant argues that the
trial court erred by overruling his motion for mistrial after a State witness
improperly volunteered bad character evidence.

During the State=s
examination of Officer Black, the following exchange occurred:

[STATE]: And by that I mean, did you form an opinion as to whether
the defendant had lost the normal use of his either mental or physical
faculties?

 

[WITNESS]:
Correct.

 

[STATE]:
And what was your opinion?

 

[WITNESS]: He had been drinking a lot, and at the time, he was
kind of nervous, so I knew when we was conducting the field sobriety tests that
he had probably been through this before. 


 

[DEFENSE COUNSEL]: We=re going to object to that.  That is nonresponsive.  

 

THE COURT: Sustained.

 

[DEFENSE COUNSEL]: And ask the Court to instruct the jury not to
consider that.

 

THE COURT: The jury will disregard the last response by the
witness.

 








[DEFENSE COUNSEL]: Now that the Court has done all it could, we=ll ask the Court to
declare a mistrial.

 

THE COURT: Denied.

 

It is from this evidentiary ruling that
appellant now appeals, claiming that Officer Black volunteered improper character
evidence which gave the jury the impression that appellant Ahad
previously been arrested or convicted for driving while intoxicated.@  The State argues that appellant=s
objection at trial does not comport with his point on appeal. 

The State is correct that appellant initially
objected to the witness being nonresponsive, but now argues that the witness
volunteered improper character evidence. 
However, the actual complaint on appeal is that the trial court erred in
denying the mistrial after it granted appellant=s Anonresponsive@
objection and gave the required instruction to disregard. 








A trial court=s denial of a motion for mistrial is reviewed under an
abuse of discretion standard.  Simpson
v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied,
542 U.S. 905 (2004); Barnett v. State, 161 S.W.3d 128, 134 (Tex. App.CFort Worth 2005), aff=d, 189 S.W.3d
272 (Tex. Crim. App. 2006).  A trial
court does not abuse its discretion if its decision is at least within the zone
of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g); Barnett, 161 S.W.3d at 134.  

Regardless of the underlying basis for
appellant=s objection at trial, any harm
from the offered testimony was cured by the jury instruction to disregard.  See
Ovalle v. State, 13 S.W.3d 774,
783 (Tex. Crim. App. 2000) (holding that a prompt instruction to disregard will
usually cure error associated with an improper question and answer, even one
regarding extraneous offenses); West v. State, 121 S.W.3d 95, 107 (Tex.
App.CFort Worth 2003, pet. ref=d) (holding that a mistrial is not warranted when the
trial court=s instruction to disregard cured any prejudicial effect); Lusk
v. State, 82 S.W.3d 57, 63 (Tex. App.CAmarillo 2002, pet. ref=d) (holding that the trial court has a broad range
of remedies to stop and alleviate harm). 
Because mistrial is an extreme remedy which was not warranted here, the
trial=s court denial of appellant=s mistrial request was within the zone of reasonable
disagreement.  See Montgomery, 810
S.W.2d at 391 (holding that a trial court does not abuse its discretion if its
decision was at least within the zone of reasonable disagreement).

Because appellant=s
point on appeal does not comport with his objection at trial, he did not
preserve his complaint for our review.  See
Coffey v. State, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990).  Accordingly, we overrule appellant=s second
point.








V. 
Conclusion

Having overruled appellant=s two
points, we affirm the trial court=s
judgment.

PER CURIAM

 

PANEL F:    LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: May 10, 2007   











[1]See Tex. R. App. P. 47.4.





[2] We
may consider the factual sufficiency of the evidence only if the issue is Aproperly
raised.@  Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996); see also Patterson v. State, 46 S.W.3d 294, 305
(Tex. App.CFort
Worth 2001, no pet.).  A factual
sufficiency point or issue is properly raised if it is specified in a separate
point; thus, if only Asufficiency@ is
challenged and Jackson is cited, only legal sufficiency is raised.  Moon v. State, 44 S.W.3d 589, 593
(Tex. App.CFort
Worth 2001, pet. ref=d).
Although the State=s brief
included both legal and factual sufficiency analyses, appellant only raised a Asufficiency@
challenge in his brief.  Therefore, we
will not address whether the evidence was factually sufficient to support the
verdict.  See Clewis, 922 S.W.2d
at 133.