STARNES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-095-CR

JAMES EARL STARNES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH 
DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant James Earl Starnes appeals from his conviction and sixty-year sentence for felony driving while intoxicated.  In two points, appellant contends that the evidence was legally insufficient to establish that he was the person driving the truck and that the trial court erred by overruling his motion for mistrial after a State witness improperly volunteered bad character evidence.  We affirm.

II.  Background Facts

At approximately 8:00 p.m. on February 4, 2005, Toni Garrett and her mother, Karen Garrett, were driving north on Interstate 35 from Lewisville to Denton, Texas.  Suddenly, a driver in a pickup truck swerved into their lane of traffic, nearly hitting Karen’s van.  The driver continued to swerve in and out of traffic lanes and almost hit several other vehicles, so the Garretts followed him to get the license plate number and report the unsafe driving.

Toni called 911 while her and Karen followed the driver off Interstate 35, then back on, then back off again, and into a residential neighborhood.  Eventually, the driver of the truck paused in front of a house, reversed and went forward several times, and stopped after hitting a mailbox.  The Garretts drove fifty yards past the truck, parked in a spot where they could watch it and the driver, and remained on the phone with the 911 dispatcher until the police arrived.

While waiting for the police to arrive, the Garretts saw a man get out of the truck’s passenger side and walk into the house.  The driver, however, remained in the truck.  When the police officers arrived, they found appellant sitting in the driver’s seat.

After conducting a field sobriety test and asking appellant to recite portions of the alphabet and count backwards, the officers determined that appellant was intoxicated and arrested him.  The results of appellant’s blood specimen, which was taken at 9:45 p.m. on February 4, 2005,  indicated a blood-alcohol concentration of 0.20.

Subsequently, the State indicted appellant for driving while intoxicated, and appellant pled not guilty.  On February 8, 2006, a jury found appellant guilty and found the habitual offender enhancement true, and the trial court assessed appellant’s punishment at sixty years’ confinement.

III.  Appellant’s First Point

In his first point, appellant contends that the evidence was legally insufficient to establish that he “was actually operating” the truck immediately before his arrest for driving while intoxicated.

A.  Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); 
Bowden v. State
, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref’d).  Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried.  
Gollihar v. State
, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); 
Malik, 
953 S.W.2d at 240.  The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument.  
See Curry
, 30 S.W.3d at 404.
(footnote: 2)
B.  Analysis

A person commits the offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place.  
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003).  Appellant asserts that the evidence was not sufficient to establish that he drove the truck immediately before his arrest.  We disagree.  

Testimony at trial revealed that after the Garretts followed the swerving truck off Interstate 35 for the second time, they saw the driver pause in front of a house, reverse and pull forward several times, and hit a mailbox before ultimately stopping.  Neither Karen nor Toni saw who was actually driving the truck.  

Karen drove past the truck and parked approximately fifty yards away so she and Toni could watch the truck and its two occupants and provide identification information to the police.  While watching, the Garretts saw a man get out of the truck’s passenger seat and walk inside the house.  However, neither Toni nor Karen could see the passenger’s face.  

After the passenger walked inside, the Garretts continued to watch the person sitting in the truck’s driver’s seat through the rear window of Karen’s van.  Toni also remained on the phone with the 911 dispatcher and informed the dispatcher of the driver’s and passenger’s movements.  Toni testified that she and her mother watched the truck’s driver until the police arrived, but neither Toni nor Karen testified that they saw the driver’s face.  However, both women testified that the person sitting in the driver’s seat opened the driver-side door, stuck his leg out, but never left the truck until the police arrived.  Toni, Karen, and the 911 dispatcher’s testimonies all reflected that there had been only two people in the truck.   
 

Officer David Bernal, the first officer to arrive on the scene, testified that he walked up to the truck that the Garretts had described to the 911 dispatcher and spoke with appellant, who was still sitting in the truck’s driver’s seat behind the steering wheel.  During his conversation with appellant, Officer Bernal detected a strong odor of alcohol and saw that appellant’s eyes were red and glassy.  Officers Lisa Martin and Patrick Black arrived at the truck next.  Officer Martin testified that she also smelled alcohol and noticed that appellant had glassy eyes and swayed while standing.  Officer Martin heard appellant say that he was the owner of the truck, but that someone else had driven it from Irving or Dallas to Denton.

The officers conducted the horizontal gaze nystagmus test, and appellant showed six out of six clues for intoxication.  The officers also asked appellant to recite the alphabet from “D” to “V.”  Appellant repeated the letter “E” twice. Officer Martin then asked appellant to count backwards from “56“ to “23.”  Appellant repeated the number “41“ twice.

Officer Martin next spoke with Tommy Lidster, who was inside the home where appellant parked his truck.  Lidster admitted to riding in the truck, but told Officer Martin that he did not drive it.  Prior to appellant’s trial, Lidster also stated that he was not going to “roll on” appellant. 
 At trial, however, Lidster admitted that he and appellant were alone in the truck during their drive from Irving or Dallas to Denton, Texas.  When asked who was driving the truck, Lidster first 
stated, “I guess I was because [appellant] wasn’t,” and, ”There weren’t but two of us in there.”  However, when the State asked Lidster the question again, Lidster responded, “I’m not going to say I was [driving]; I’m not going to say I wasn’t.”  Despite further questioning, Lidster refused to clarify his testimony on this issue.  

Thus, both appellant and Lidster conceded that they were the only two people in the truck; appellant stated that Lidster drove, but Lidster refused to admit it.  Plus, the Garretts watched and followed the truck until the officers arrived; they saw only two people in the truck, and only one person, the passenger, exit the truck.  The Garretts never saw the person sitting in the driver’s seat exit the truck, and the officers found appellant sitting in the driver’s seat.  
See Perez v. State
, 432 S.W.2d 954, 954-55 (Tex. Crim. App. 1968) (using witness’s statement that he only saw defendant sitting in a car immediately after a crash in sufficiency analysis to prove that defendant was the driver); 
Chaloupka v. State
, 20 S.W.3d 172, 174-75 (Tex. App—Texarkana 2000, pet. ref’d) (using witness’s testimony that he followed defendant into a rest area, saw defendant get out of vehicle holding two beers, stumble, and drink the beer in legal sufficiency analysis to establish that defendant drove while intoxicated).  After viewing this evidence in the light most favorable to 
the verdict, we conclude that any rational trier of fact could have found beyond a reasonable doubt that appellant was driving the truck immediately before his arrest, and was intoxicated while doing so.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  Accordingly, we overrule appellant’s first point.

IV.  Appellant’s Second Point

In his second point, appellant argues that the trial court erred by overruling his motion for mistrial after a State witness improperly volunteered bad character evidence.

During the State’s examination of Officer Black, the following exchange occurred:

[STATE]: And by that I mean, did you form an opinion as to whether the defendant had lost the normal use of his either mental or physical faculties?

[WITNESS]: Correct.

[STATE]: And what was your opinion?

[WITNESS]: He had been drinking a lot, and at the time, he was kind of nervous, so I knew when we was conducting the field sobriety tests that he had probably been through this before.  

[DEFENSE COUNSEL]: We’re going to object to that.  That is nonresponsive.  

THE COURT: Sustained.

[DEFENSE COUNSEL]: And ask the Court to instruct the jury not to consider that.

THE COURT: The jury will disregard the last response by the witness.

[DEFENSE COUNSEL]: Now that the Court has done all it could, we’ll ask the Court to declare a mistrial.

THE COURT: Denied.

It is from this evidentiary ruling that appellant now appeals, claiming that Officer Black volunteered improper character evidence which gave the jury the impression that appellant “had previously been arrested or convicted for driving while intoxicated.”  The State argues that appellant’s objection at trial does not comport with his point on appeal. 

The State is correct that appellant initially objected to the witness being nonresponsive, but now argues that the witness volunteered improper character evidence.  However, the actual complaint on appeal is that the trial court erred in denying the mistrial after it granted appellant’s “nonresponsive” objection and gave the required instruction to disregard. 

A trial court’s denial of a motion for mistrial is reviewed under an abuse of discretion standard.  
Simpson v. State
, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied
, 542 U.S. 905 (2004); 
Barnett v. State
, 161 S.W.3d 128, 134 (Tex. App.—Fort Worth 2005), 
aff’d
, 189 S.W.3d 272 (Tex. Crim. App. 2006).  A trial court does not abuse its discretion if its decision is at least within the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g); 
Barnett
, 161 S.W.3d at 134.  

Regardless of the underlying basis for appellant’s objection at trial, any harm from the offered testimony was cured by the jury instruction to disregard.  
See Ovalle v. State
, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (holding that a prompt instruction to disregard will usually cure error associated with an improper question and answer, even one regarding extraneous offenses); 
West v. State
, 121 S.W.3d 95, 107 (Tex. App.—Fort Worth 2003, pet. ref’d) (holding that a mistrial is not warranted when the trial court’s instruction to disregard cured any prejudicial effect); 
Lusk
 
v. State
, 82 S.W.3d 57, 63 (Tex. App.—Amarillo 2002, pet. ref’d)
 
(holding that the trial court has a broad range of remedies to stop and alleviate harm).  
Because mistrial is an extreme remedy which was not warranted here, the trial’s court denial of appellant’s mistrial request was within the zone of reasonable disagreement.  
See Montgomery
, 810 S.W.2d at 391 (holding that a trial court does not abuse its discretion if its decision was at least within the zone of reasonable disagreement)
.

Because appellant’s point on appeal does not comport with his objection at trial, he did not preserve his complaint for our review.  
See Coffey v. State
, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990).  Accordingly, we overrule appellant’s second point.

V.  Conclusion

Having overruled appellant’s two points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 10, 2007
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2: We may consider the factual sufficiency of the evidence only if the issue is “properly raised.”  
Clewis v. State
, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996); 
see also Patterson v. State
, 46 S.W.3d 294, 305 (Tex. App.—Fort Worth 2001, no pet.).  A factual sufficiency point or issue is properly raised if it is specified in a separate point; thus, if only “sufficiency” is challenged and 
Jackson
 is cited, only legal sufficiency is raised.  
Moon v. State
, 44 S.W.3d 589, 593 (Tex. App.—Fort Worth 2001, pet. ref’d). 
Although the State’s brief included both legal and factual sufficiency analyses, appellant only raised a “sufficiency” challenge in his brief.  Therefore, we will not address whether the evidence was factually sufficient to support the verdict.  
See Clewis
, 922 S.W.2d at 133.