COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-268-CR

JASQUIN L. BALL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) ON APPELLANT’S

PETITION FOR DISCRETIONARY REVIEW
  

------------

Pursuant to rule of appellate procedure 50, we have reconsidered our previous opinion on Appellant’s petition for discretionary review.  
See
 
Tex. R.

App. P
. 50.  We withdraw our June 21, 2007 opinion and judgment and substitute the following.

Appellant Jasquin L. Ball appeals from his conviction on two counts of aggravated kidnaping.  In a single point, he argues that the trial court erred by submitting an 
Allen
 charge
(footnote: 2) to the jury during deliberations on guilt-innocence.  We affirm.

Background

Because Appellant’s point relates only to the trial court’s 
Allen
 charge, we need not dwell on the evidence adduced at trial.  The record shows that Appellant kidnaped two minors whom he suspected of burglarizing his apartment, cut the female minor’s hair, forced them to do yard work and fight with one another, threatened them with a gun, fired the gun in their direction, and ultimately released them. 

After deliberating on guilt-innocence for one and a quarter hours, the jury sent the following note to the trial court:  “Judge—We Are Stalemated at this Time.  What Happens If We Cannot Reach a 100% Agreement?”  The trial court responded with the following instruction:

You are instructed that in a large proportion of cases absolute certainty cannot be expected.  Although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of other jurors, each juror should show a proper regard to the opinion of the other jurors.

You should listen, with a disposition to being convinced, to the arguments of the other jurors.  If a large number of jurors are for deciding the case one way, those in the minority should  consider whether they are basing their opinion on speculation or guesswork, and not on the evidence in the case.

If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury.  The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time.  Any such future jury will be empaneled in the same way this jury has been empaneled and will likely hear the same evidence which has been presented to this jury.  The questions to be determined by that jury will be the same questions confronting you and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.

With this additional information, you are instructed to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience.  You will now retire and continue your deliberations. 

Appellant’s counsel objected to the instruction as follows:

It is the Defense’s position that we are in objection to the submission of the Allen charge to the jury.  That, one, it’s a comment on the weight of the evidence, that it’s an improper invasion of the jury’s domain in deciding the facts of the case.  It violates the Fifth and Fourteenth Amendment[s] of the United States Constitution, that it also violates the Texas Constitution.

It encourages minority jurors to change their vote, and we believe it informs -- it encourages the jury to take in and factor outside considerations such as what will happen if they don’t reach an agreement, which we think [are] improper grounds for them to be basing their decisions on at this time. 

The trial court overruled Appellant’s objections.  The jury returned a verdict of guilty about an hour later. 

Discussion

In his sole point, Appellant argues that the trial court’s 
Allen
 charge was coercive and “constitutionally infirm” for four reasons: (1) It was not warranted because the jury did not say it was deadlocked; (2) the 
Allen 
charge was not responsive to the jury’s question, “What happens if we cannot reach a 100% agreement?”; (3) the 
Allen
 charge was an improper comment on the weight of the evidence and the State’s burden of proof; and (4) it chastised jurors in the minority.

An 
Allen
 charge is given to instruct a deadlocked jury to continue deliberating.  
See  Allen
, 164 U.S. at 501, 17 S. Ct. at 157.  The use of such a charge under these circumstances has been approved by the court of criminal appeals.  
Howard v. State
, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996)
, 
cert. denied, 
535 U.S. 1065
 
(2002)
.
  An 
Allen
 charge will constitute reversible error only if, on its face, it is so improper as to render jury misconduct likely or jury misconduct is demonstrated to have occurred in fact.  
Calicult v. State
, 503 S.W.2d 574, 576 n.2 (Tex. Crim. App. 1974)
.  To prevail on a complaint that an 
Allen
 charge is coercive, an accused must show that jury coercion or misconduct likely occurred or occurred in fact.  
Love v. State
, 909 S.W.2d 930, 936 (Tex. App.—El Paso 1995, pet. ref’d).  An 
Allen
 charge is unduly coercive and therefore improper only if it pressures jurors into reaching a particular verdict or improperly conveys the court’s opinion of the case. 
 
Arrevalo v. State
, 489 S.W.2d 569, 571 (Tex. Crim. App. 1973).
  The primary inquiry is the coercive effect of such a charge on juror deliberation in its context and under all circumstances. 
 Howard
, 941 S.W.2d at 123.

Before turning to the merits of Appellant’s complaints, we must consider the State’s contention that his objection to the 
Allen 
charge failed to preserve his complaints on appeal.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  To preserve error on a complaint for appeal, the objection at trial must comport with the complaint on appeal.  
Tex. R. App. P. 33.1
; 
Coffey v. State
, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990).

Of the three complaints Appellant advances on appeal, only two comport with his trial court objections that the 
Allen
 charge (1) was an improper comment on the weight of the evidence and (2) singled out and chastised jurors in the minority.  Appellant did not object that the 
Allen
 charge was premature because the jury was not yet deadlocked; that it was unresponsive to the jury’s question, “What happens if we cannot reach a 100% agreement?”; or that it was an improper comment on the State’s burden of proof.  Therefore, we hold that Appellant has forfeited these complaints, and we will consider only his complaints that the 
Allen
 charge was an improper comment on the weight of the evidence and singled out and chastised jurors in the minority.

Comment on the weight of the evidence

Appellant contends that the following language from the 
Allen
 charge was an improper comment on the weight of the evidence and rendered the charge coercive: “You are instructed that in a large proportion of cases absolute certainty cannot be expected.” 

Article 36.14 of the code of criminal procedure prohibits a trial judge from delivering a charge that expresses any opinion as to the weight of the evidence.  
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon 2007).  
The primary reason for the rule is that an instruction by the trial judge to the jury on the weight of the evidence reduces the State’s burden of proving guilt beyond a reasonable doubt.  
Brown v. State, 
122 S.W.3d 794, 798 (Tex. Crim. App. 2003), 
cert. denied, 
541 U.S. 938 (2004).  As recognized in 
Lagrone v. State
, “[j]urors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved.”  84 Tex. Crim. 609, 615-16, 209 S.W. 411, 415 (1919).  Therefore, trial judges must refrain from making any remark calculated to convey to the jury their opinion of the evidence in a particular case. 
 Tex. Code Crim. Proc. Ann.
 art. 38.05 (Vernon 1979).

Appellant contends the words, “You are instructed that in a large proportion of cases absolute certainty cannot be expected,” expressed to the jury the trial judge’s opinion that a guilty verdict was appropriate. 
 We disagree.  The trial court’s instruction was not a comment on the evidence of this particular case; rather, it was a generic comment about criminal cases generally.  And the trial court carefully concluded the 
Allen
 charge by instructing the jury that, in any event, it should try to arrive at a verdict acceptable to all jurors only if it could do so “without doing violence to your conscience.”  
See West v. State,
 121 S.W.3d 95, 109 (Tex. App.—Fort Worth 2003, pet. ref’d).
  Moreover, we have held that 
Allen
 charges identical to the charge in this case were not coercive. 
 See id.
; 
Franks v. State,
 90 S.W.3d 771, 800-01 (Tex. App.—Fort Worth 2002, no pet.).
(footnote: 3)
 In support of his argument, Appellant cites 
Hollie v. State
, 967 S.W.2d 516, 521 (Tex. App.—Fort Worth 1998, pet. ref’d); 
Howard
, 941 S.W.2d at 124; 
Barnett v. State
, 161 S.W.3d 128, 134 (Tex. App.—Fort Worth 2005), 
aff’d
, 189 S.W.3d 272 (Tex. Crim. App. 2006); and 
Arrevalo,
 489 S.W.2d at 571-72.  Those cases are inapposite.  In 
Hollie
, we held that an 
Allen
 charge was not a comment on the weight of the evidence under circumstances factually dissimilar to those here; thus, 
Hollie
 has at most marginal significance to the question now before us.  
See Hollie, 
967 S.W.2d at 521-23.  Likewise, in 
Arrevalo
, the court of criminal appeals examined a dissimilar 
Allen
 charge and held that it was not a comment on the weight of the evidence.  
See Arrevalo
, 489 S.W.2d at 571 (holding instruction that jury had all of the evidence it needed to reach a verdict was not a comment on the weight of the evidence).
  Howard
 examined an 
Allen
 charge to determine if it was coercive, but whether the charge was an improper comment on the weight of the evidence was not an issue.  
See Howard
, 941 S.W.2d at 124-25.  In 
Barnett
, we held that the trial court coerced the jury when it extensively polled the deadlocked jury, told the two holdout jurors that it “had a problem” with them, and asked them whether they could change their votes if sent back to deliberate further.  
Barnett
, 161 S.W.3d at 134.  But as in 
Howard
, whether the trial court’s statements were an impermissible comment on the weight of the evidence was not an issue.  
See
 
id.  
Moreover, the 
Allen
 charges in these four cases did not contain the language of which Appellant complains nor anything similar.

We hold that the 
Allen
 charge was not a comment on the weight of the evidence.

Singling out and chastising jurors in the minority

Appellant argues that the following language in the 
Allen 
charge improperly singled out jurors in the minority: 

If a large number of jurors are for deciding the case one way, those in the minority should consider whether they are basing their opinion on speculation or guesswork, and not on the evidence in the case.  Those in the minority should keep in mind the impression the evidence has made on a majority of the jurors who are of equal honesty and intellect as the minority.

Appellant contends this language impermissibly shaded the instruction with a coercive nuance.

In 
West v. State
, we held that an 
Allen
 charge containing language identical to the first sentence recited above did not contain the type of language courts have held to be problematic and coercive.
  121 S.W.3d at 109.  We distinguished the 
Allen 
charge in 
West
 from the one held to be impermissibly coercive in 
Green v. United States
, which 
told the jury that it is the duty of the minority to listen to the argument of the majority with some distrust of their own judgment because the rule is that the majority will have better judgment than the mere minority.  
Id.
 (citing 
Green v. United States
, 309 F.2d 852, 855 (5th Cir. 1962)).  We noted that the charge in 
West
 did not tell the jury that one side or the other possessed the superior judgment, nor did it tell them to distrust their judgment, and the trial court carefully concluded the charge by instructing the jury that, in any event, it should try to arrive at a verdict acceptable to all jurors only if it could do so “without doing violence to your conscience.”  
Id.

For the same reasons, we hold that th
e 
Allen
 charge in this case was not improperly coercive.  The charge did not tell the jury that one side or the other possessed superior judgment; rather, it specifically stated that both the majority and minority possessed equal intellect and honesty.  And, just as in 
West
, the trial court carefully concluded the charge by instructing the jury that it should try to arrive at a verdict acceptable to all jurors only if it could do so “without doing violence to your conscience.”

We overrule Appellant’s sole point, and we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:
  September 17, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4. 

2:
See Allen v. United States
, 164 U.S. 492, 501, 17 S. Ct. 154, 157 (1896).

3:
The entire 
Allen
 charge in 
Franks
 and the quoted portion of the 
Allen
 charge in 
West
 are identical to the one in this case.