NO. 07-10-0115-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 23, 2011

_____


GAVINO DURON, APPELLANT

v.

THE STATE OF TEXAS,  APPELLEE

_____


FROM THE COURT-AT-LAW NO. SEVEN OF TRAVIS COUNTY;

NO. C-1-CR-08-500442; HONORABLE ELISABETH A. EARLE, JUDGE

_____


Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]


**MEMORANDUM OPINION**

Following a jury trial, Appellant, Gavino Duron, was convicted of assault with

bodily injury and sentenced to two hundred-fifty days confinement.[2]  In a single issue,

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. § 75.002.(a)(1) (West 2005).

[2]The offense of assault with bodily injury is a Class A misdemeanor.  *See* Tex. Penal Code Ann. § 22.01(a) & (b) (West 2011).

Appellant asserts the trial court abused its discretion by denying his motion for a mistrial after a witness violated a pretrial motion in limine. We affirm.

## Background

On April 30, 2008, an Assistant County Attorney of Travis County filed an information[3] charging Appellant with intentionally, knowingly and recklessly causing bodily injury to Sarah Vasquez by striking her on and about the head with his hand and seizing her on and about her torso, also with his hand, on or about December 2, 2007. Prior to trial, Appellant filed a *Motion in Limine*, requesting "the State's attorney and the State's witnesses not to allude to . . . [a]ny evidence of, details of, or references or allusions to the [Appellant} assaulting witness Anjelica [sic] Ramos on prior occasions." That motion was granted. A jury trial on the merits was conducted February 25, 2010.

At trial, the State produced four witnesses: Angelica Ramos,[4] Sarah Vasquez, Officer Mark Jelesijevic, and Detective Robert Holsonback. Their testimony established that, on December 2, 2007, Ramos, two of her children and Sarah Vasquez accompanied Appellant to a restaurant. Before they were seated, Appellant became upset over a remark by Ramos and left the restaurant. Because Appellant was upset, Ramos decided to drive him home.

After dropping her children off at their grandmother's house, Ramos proceeded to drive Appellant home. Appellant was seated in the right front passenger seat and

---

[3]Although the *Information* named the defendant as "Gabino Duron," motions filed by Appellant, the *Charge of the Court* and the *Judgment* reflect "Gavino Duron." We express no opinion as to the correct name of Appellant.

[4]Ramos testified that she had a prior relationship with Appellant for approximately six years and had two children by him.

2

Vasquez was seated behind Ramos in the back seat. En route, Ramos returned her boyfriend's phone call and Appellant became angry. He leaned over Ramos and told her that, if she didn't give him her phone, he was going to hit her.

Vasquez, who had been quiet up to this point, interjected that Appellant was not going to hit her friend and that he needed to back off. Appellant then turned around in his seat facing Vasquez and threatened her. When Appellant started coming toward the back seat, Vasquez held her hand up to his face and told him he needed to back away. Appellant then hit Vasquez in her forehead as she fought back. Ramos drove as quickly as possible to Appellant's apartment while this scuffle continued. When they arrived at Appellant's apartment, Appellant opened the passenger door, grabbed Vasquez by her arms and tried to pull her from the back seat to the front seat and out of the car. Eventually, Appellant stopped, spit in Vasquez's face and ran to his apartment. Afterwards, Vasquez felt dizziness and confusion.

When they arrived at Ramos's apartment, there was a big bump shaped like an egg in the center of Vasquez's forehead. The police were called. Officer Mark Jelesijevic took an oral statement from Vasquez and photographed her injuries. Detective Robert Holsonback later obtained a written statement from Vasquez and charged Appellant with assault causing bodily injury.

During the State's direct examination of Ramos, the following exchange occurred:

STATE: So [Appellant] got into your personal space?

RAMOS: Oh, yeah. He completely leaned right over me.

STATE: Would you consider that threatening, what he was doing towards you?

RAMOS: I considered it a threat right off the bat when he told me he was going to hit me.

STATE: Did you think he might follow through?

RAMOS: Yes, ma'am. He always has.

At that point, Appellant's counsel objected to the testimony as violating the prior motion in limine and requested that the court instruct the jury to disregard the last statement. The court granted that request, whereupon Appellant's counsel immediately moved for a mistrial. After instructing the jury to disregard the statement, and receiving their assurance that they could, the trial proceeded without a formal ruling on counsel's motion for mistrial.[5]

At the trial's conclusion, the jury found Appellant guilty of assault causing bodily injury and Appellant was sentenced by the court to two hundred-fifty days confinement. This appeal followed.

---

[5]The record reflects the following:

COURT: All right. At this point in time, I'm going to ask you to disregard the last statement made by this witness [Ramos]. And if you feel like you cannot disregard that, I need to know at this point. So I can rely that each of you can disregard that last comment made by the witness as struck from the record; is that correct?

JURY: (Nodding heads).

COURT: All right. Hearing everyone saying they can agree, so we can proceed. Thank you.

4

**Discussion**

In his single issue, Appellant contends the trial court abused its discretion by failing to grant a mistrial after Ramos testified that Appellant *always* followed through on his threats. Appellant asserts Ramos's testimony was highly prejudicial and incurable. The State asserts that any prejudice to Appellant due to Ramos's testimony was cured by the trial court's instruction.

A trial court's denial of a motion for mistrial is reviewed for an abuse of discretion and must be upheld if it was within the zone of reasonable disagreement. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex.Crim.App. 2009). A mistrial halts trial proceedings when error is so prejudicial that the expenditure of further time and expense would be wasteful and futile; *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999), and should be granted "only when residual prejudice remains" after less drastic alternatives are explored. *Barnett v. State,* 161 S.W.3d 128, 134 (Tex.App.--Fort Worth 2005), *aff'd*, 189 S.W.3d 272 (Tex.Crim.App. 2006).

Whether a witness's improper reference to an extraneous offense warrants a mistrial depends on the particular facts of the case. *Ladd*, 3 S.W.3d at 567. A mistrial is required only when the improper question or evidence is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced in the minds of the jurors. *Young v. State*, 283 S.W.3d 854, 878 (Tex.Crim.App. 2009) (*per curiam*), *cert. denied*, ___ U.S. ___, 130 S.Ct. 1015, 175 L.Ed.2d 622 (2009). An instruction to disregard will ordinarily cure error associated with a witness's improper reference to an extraneous offense committed by the defendant.

5

*Id.* at 878; *Kemp v. State*, 846 S.W.2d 289, 308 (Tex.Crim.App. 1992) (*en banc*) (instruction by trial judge to disregard will suffice to cure an inadmissible reference to or implying of extraneous offenses). Further, we presume the jury followed the trial court's instruction to disregard testimony in the absence of evidence that it did not. *Ladd*, 3 S.W.3d at 567 (quoting *Gardner v. State*, 730 S.W.2d 675, 696 (Tex.Crim.App. 1987)); *State v. Boyd*, 202 S.W.3d 393, 402 (Tex.App.--Dallas 2006, pet. ref'd).

Considering the facts of this case, we conclude the trial court did not abuse its discretion by denying Appellant's motion for mistrial. The jury heard testimony from two witnesses that Appellant assaulted Vasquez and viewed photographs taken by police shortly after the incident documenting Vasquez's injuries and corroborating their testimony. Nothing in the record suggests the jury would have reached a different verdict absent the complained-of statement. Further, the implied reference to Appellant's prior threats and the certainty with which he carried them out was brief, did not contain any substantive facts, was not repeated by the State, and was followed by a prompt instruction to disregard. Although Appellant asserts otherwise, nothing in the record suggests the reference to his prior threats was so "highly prejudicial and incurable" that the trial court erred by denying his motion for mistrial. *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex.Crim.App. 2003), *cert. denied*, 542 U.S. 905, 124 S.Ct. 2837, 159 L.Ed.2d 270 (2004). *See also Gardner v. State,* 730 S.W.2d 675, 697 (Tex.Crim.App. 1987) ("The bare fact [that appellant had been to the penitentiary], unembellished, was not so inflammatory as to undermine the efficacy of the trial court's instruction to disregard it.") Having reviewed the record, we cannot say the trial court's

ruling was outside the zone of reasonable disagreement. Accordingly, we overrule Appellant's sole issue.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.