**Affirmed and Memorandum Opinion filed July 9, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00476-CR

**FREDY PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1402217**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Fredy Perez of aggravated assault and assessed punishment at seven years' confinement. In a single issue, appellant contends the trial court erred by denying appellant's motion for a mistrial after the State introduced evidence of an extraneous offense. We affirm.

## BACKGROUND

Appellant lived with his girlfriend, the complainant. Appellant was watching soccer and drinking at his friend's apartment one night. When the complainant arrived and asked appellant to leave, appellant took a knife he always carried on his belt and held it to the complainant's face. He told her he would give her a reminder for the rest of her life. He then cut her face from her chin to her ear. She bled profusely but ultimately received medical attention. Appellant was arrested and charged with aggravated assault.

During the State's direct examination of the complainant, the State asked, "So, what happened next? And I don't want to talk about anything that's happened before. I just want to talk about anything that happened that night. You remember we had this conversation. Don't talk about—" Appellant interrupted, and the court excused the jury. Appellant objected to the State's reference to "something happened before," and the State responded, "I'm sorry. I was trying to remind her—" The trial court admonished the State to not do it again in the jury's presence. Appellant requested an instruction to disregard and a mistrial. The trial court granted the request for an instruction and denied the request for a mistrial.

When the jury returned, the trial court gave the following instruction: "Members of the jury, if you will, please, listen to this admonishment. You will disregard the last question by the State and any answer pertaining to that question from the witness. Do not consider it for any purpose whatsoever."

The jury found appellant guilty and assessed punishment at seven years' confinement.

2

Appellant contends the trial court erred by denying the mistrial. We review a trial court's denial of a mistrial for an abuse of discretion. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We view the record in the light most favorable to the trial court's ruling. *Id.* The ruling must be upheld if it was within the zone of reasonable disagreement. *Id.*

A mistrial is appropriate in "extreme circumstances for a narrow class of highly prejudicial and incurable errors." *Id.* (quotation omitted). A mistrial "should be granted 'only when residual prejudice remains' after less drastic alternatives are explored." *Id.* at 884–85 (quoting *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. Crim. App. 2005)). An "inadvertent reference to an extraneous offense is generally cured by a prompt instruction to disregard." *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009). "Therefore, a mistrial should be granted only in cases where the 'reference was clearly calculated to inflame the minds of the jury or was of such a damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds.'" *Id.* (quoting *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998)).

Here, the trial court could have viewed the State's instruction to its witness as an innocuous attempt to ensure that the witness did not testify about objectionable extraneous offenses. The comment did not directly implicate any other bad act or inadmissible evidence.[1] Even though the State's comment was deliberate, we presume that the jury followed the trial court's instruction to disregard. *See Drake v. State*, 123 S.W.3d 596, 604 (Tex. App.—Houston [14th

---

[1] Without citation to the record, appellant contends that the jury heard evidence that appellant "had committed prior assaults against this complainant on multiple occasions." The record does not contain such evidence, and appellant's issue on appeal concerns only the "implication of the State's instruction" to the complainant.

Dist.] 2003, pet. ref'd) (police chief's reference to the department "working so many burglaries on" the defendant was curable by an instruction to disregard; trial court did not abuse discretion by denying mistrial). Because the trial court instructed the jury to disregard the State's indefinite reference to "anything that's happened before," we hold that the trial court did not abuse its discretion in denying a mistrial. *See, e.g.*, *id.* (collecting cases); *see also Young*, 283 S.W.3d at 877–78 (no abuse of discretion to deny a mistrial when a police officer testified that the defendant was in possession of a "stolen firearm," the trial court instructed the jury to disregard, and the officer "did not actually assert that the appellant stole the weapon or that he knew it was stolen").

Appellant's sole issue is overruled.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.


/s/            Sharon McCally
                          Justice

Panel consists of Justices Boyce, McCally, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).