

NUMBERS 13-14-00728-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

QUINTON MOODY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

**On appeal from the 130th District Court
of Bexar County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria
Memorandum Opinion by Justice Longoria**

A jury found appellant Quinton Moody guilty of the felony offense of retaliation. *See* TEX. PENAL CODE ANN. § 36.06 (West, Westlaw through Chapter 46, 2015 R.S.). His punishment range was enhanced for being a habitual felony offender; the jury sentenced him to thirty years in prison. *See id.* § 12.42(d) (West, Westlaw through Chapter 46, 2015 R.S.). In one issue on appeal, Moody argues that the trial court abused its discretion in

denying his motion for a mistrial and motion for new trial because the bailiff engaged in an unauthorized conversation with a juror while the jury was deliberating. We affirm.

## I. BACKGROUND[1]

On May 18, 2013, Officer Carl Davis was dispatched to a reported family disturbance. The disturbance report stated that the suspect was threatening others with a knife. When Davis arrived at the scene, the suspect was no longer present. Davis testified that while he waited outside of a convenience store nearby to see if the suspect walked by, he saw Moody. Davis noted that Moody fit the description of the suspect in the family disturbance. Davis approached Moody, placed him in handcuffs, and sat him in the back of the police car to ascertain his identity. Davis testified that this process took only two or three minutes. After Davis verified that Moody was not the suspect he was looking for, Davis removed the handcuffs and told Moody he was free to leave. However, instead of leaving, Davis asserts that Moody began to argue with him, claiming that Davis must have been part of the "old school mafia." Davis testified that Moody opened the back door of the police car and told Davis to take him to jail. Davis responded by placing handcuffs on Moody and telling him to calm down. A few minutes later, Davis released Moody from the handcuffs and again told him to leave. However, according to Davis, Moody walked towards Davis, holding his arms up in an aggressive fashion, and challenging Davis to a fight. Davis testified that he was under the impression that Moody was threatening to harm him so he arrested him for retaliation and placed him in the patrol

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46, 2015 R.S.).

car. On the way to jail, Davis asserts that Moody commented that "once he gets out of jail, that [Officer Davis's] wife would be pushing up daisies."

The bailiff told the State and defense counsel that he had a conversation with a juror during the jury deliberation of the guilt/innocence phase of the trial. According to the bailiff, a juror approached the bailiff and asked what would happen if the jury was split eleven to one and could not reach a decision. The bailiff responded that the jury could either continue to deliberate or, in the alternative, the jury might be sequestered. The bailiff then explained that sequestering means that the jury could be held there overnight or longer. Defense counsel filed a motion for mistrial; the trial court denied the motion. The jury eventually found Moody guilty of retaliation and further found Moody guilty of being a habitual felony offender. The jury sentenced Moody to thirty years in prison. Moody filed a motion for new trial, which the trial court denied. This appeal followed.

## II. DISCUSSION

In one issue, Moody argues that the trial court abused its discretion in denying both his motion for a mistrial and his motion for a new trial. He argues that the trial court should have granted the motions because a juror had a conversation with the bailiff during jury deliberation about sequestration.

### a. Applicable Law

We review a trial court's refusal to grant a mistrial or new trial for abuse of discretion. *See Colyer v. State,* 428 S.W. 3d 117, 122 (Tex. Crim. App. 2014); *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc). Under this standard, we review the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Webb v. State*, 232

3

S.W. 3d 109, 110 (Tex. Crim. App. 2007). We limit our review to whether the trial court abused its discretion—we do not perform a harm analysis. *See Benefield v. State*, 389 S.W.3d 564, 571 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Mistrial should only be granted in "extreme circumstances" where the prejudice to a party is completely incurable. *Hawkins*, 135 S.W.3d at 77.

To show that a mistrial is warranted on these grounds, "[t]he complaining party must establish that a communication occurred between a juror and someone else, that the communication involved the specific case at trial, and that it consisted of more than an innocuous, unrelated comment or exchange." *Alexander v. State*, 919 S.W.2d 756, 767 (Tex. App.—Texarkana 1996, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 36.22 (West, Westlaw through Chapter 46, 2015 R.S.) ("No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court."). However, "[a]n appellant who moves for a mistrial without first requesting a less drastic alternative forfeits appellate review of that class of events that could have been cured by the lesser remedy." *Barnett v. State,* 161 S.W.3d 128, 134 (Tex. Crim. App. 2005).

b.    **Analysis**

Reviewing all the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion in denying the motion for mistrial and motion for new trial. *See Alexander*, 919 S.W.2d at 767. It is undisputed that a juror engaged in conversation with the bailiff. And the question involved the case at hand, in general. *See id.* However, Moody has not established that the conversation consisted of more than merely innocuous remarks. *See id.* (observing that "there is no error when

4

the bailiff communicates to the jury on logistical matters"). Moody argues that the bailiff's comments to the juror about sequestration were akin to an *Allen* or "dynamite" charge, unfairly coercing the jurors into reaching a hasty conclusion. *See Allen v. United States,* 164 U.S. 492, 501 (1896).

However, the record does not support this conclusion. The bailiff gave no instruction that the jurors should work together to reach a consensus to avoid mistrial; the juror simply asked about the consequence of a hung jury, and the bailiff responded, accurately, about the potential results. The bailiff did not say anything that could be construed as coercing the juror to reach a conclusion; the bailiff gave no charge or instruction in connection with his explanation of sequestration that would pressure the juror or the jury. There is no evidence that the juror returned to the jury room with "new information about the case." *See Ocon v. State*, 284 S.W.3d 880, 887 (Tex. Crim. App. 2009); *see also Sandoval v. State*, 409 S.W.3d 259, 278 (Tex. App.—Austin 2013, no pet.) ("The paramount issue is whether appellant received a fair and impartial trial; therefore, the analysis must focus on whether the juror was biased as a result of the improper conversation."). Knowing the consequences of a hung jury does not bias a juror.

Furthermore, Moody did not request jury questioning to establish the alleged jury misconduct. *See Barnett,* 161 S.W.3d at 134 (holding that the trial court did not abuse its discretion in denying a motion for mistrial when appellant only moved for mistrial without requesting the lesser alternative of jury questioning to prove jury misconduct). Without questioning the jury, there is no evidence in the record to establish that the bailiff's comments had an unfair and incurably prejudicial effect on the jury. However, even if the bailiff-juror conversation was inappropriate, the trial court could have reasonably

5

concluded that this was not an "extreme circumstance" that required a new trial. *See Hawkins*, 135 S.W.3d at 77; *cf. Alexander*, 919 S.W.2d at 766 (holding that a mistrial should have been granted when the bailiff conversed with a juror, passed the question along to the prosecution without consulting the judge, and then, as a result of the question, the prosecution recalled a witness). The trial court could have reasonably concluded that the conversation between the juror and the bailiff was innocuous enough to not warrant the extreme remedy of mistrial. *See Ocon*, 284 S.W.3d at 887. Thus, the trial court did not abuse its discretion in denying Moody's motion for mistrial and his motion for new trial. We overrule Moody's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.


NORA L. LONGORIA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of August, 2015.

6