

**NUMBERS 13-11-00785-CR, 13-11-00786-CR and 13-113-00791-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MICKEY BOSWELL,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 319th District Court of Nueces County, Texas.

# DISSENTING MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Dissenting Memorandum Opinion by Justice Benavides

I respectfully dissent regarding the majority's holding on issue one because I feel

a mistrial was warranted in this situation.

### I. THE RECORD

The appellant, Mickey Boswell, was tried by a jury for failure to comply with this

state's sex offender registration requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 62.055, 62.057 (West, Westlaw through 2015 R.S.). After the jury retired to deliberate, one of the jurors apparently commented during deliberations that one of the addresses used by Boswell to satisfy the registration requirements was a commercial address that belonged to this particular juror. In light of this discovery during deliberations, the jury sent the following note to the trial court requesting guidance:

> One jury member owns property that Mr. Boswell gave as his address. It is a commercial property. *This jury* says it represents dishonesty on Mr. Boswell's part. Are we to allow or dismiss this comment?" (emphasis added).

The appellant moved for a mistrial, which the trial court denied. Instead, the court sent back a note that said, "Do not consider anything not in evidence. Refer to paragraph 10, subpart 4 [of the jury charge]." Boswell now argues on appeal that the jury's note established new evidence received by the jury, the juror who purportedly owned the property in question became an unsworn witness against him, and no instruction could cure the error.

## II.    DISCUSSION

### A.    Standard of Review and Applicable Law

I agree with the majority that the proper standard of review for the denial of a motion for mistrial is an abuse of discretion. A mistrial is a severe remedy, and "[o]nly in extreme circumstances, where the prejudice is incurable, will mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc). In determining "whether a prejudicial event was so harmful as to warrant reversal on appeal, we consider the prejudicial effect, any curative measures taken, and the certainty of conviction absent

2

the prejudicial event." *Crayton v. State*, 463 S.W.3d 531, 535 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Normally, an instruction to disregard will cure error, unless it "was of such a damning character as to suggest it would be impossible to remove the harmful impression from the juror's minds." *Id.*; *see Hawkins*, 135 S.W.3d at 77. A "mistrial should be granted 'only when residual prejudice remains' after less drastic measures are explored." *Ocon*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009) (citing *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. App.—Fort Worth 2005), *aff'd*, 189 S.W.3d 272 (Tex. Crim App. 2006)). "Though requesting lesser remedies is not a prerequisite to a motion for mistrial, when the movant does not first request a lesser remedy, we will not reverse the court's judgment if the problem could have been cured by the less drastic remedy." *Id.* at 885. However, in deciding a motion for mistrial, a trial court basically "conduct[s] an appellate function: determining whether improper conduct is so harmful that the case must be redone." *Hawkins*, 135 S.W.3d at 77.

**B.    Analysis**

I would hold that the substance of the jury's note in this case indicates an extreme circumstance in which prejudice cannot be cured. The defendant:

> must be granted a new trial, or a new trial for punishment, for any of the following reasons:. . .
>
> (f) when, after retiring to deliberate, the jury has received other evidence; when a juror has talked with anyone about the case;. . .
>
> (g) when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial.

TEX. R. APP. P. 21.3 (f), (g). "A juror must make a decision at the guilt and punishment

3

phases using information obtained in the courtroom: the law, the evidence, and the trial court's mandates." *Ocon*, 284 S.W.3d at 884; *see Granados v. State*, 85 S.W.3d 217, 235 (Tex. Crim. App. 2002). In older cases, in order for a defendant to be entitled to a new trial, a two-prong test was necessary to be satisfied. *Bustamante v. State*, 106 S.W.3d 738, 743 (Tex. Crim. App. 2003). The test required the defendant to show: "(1) the evidence must have been received by the jury, and (2) the evidence must be detrimental or adverse to the defendant." *Id.* Even though the two-prong test refers to a motion for new trial, the Court of Criminal Appeals was inclined to adopt and use the same two-prong test in evaluating Bustamante's motion for mistrial. *Id.* (holding that if evidence evaluated under two-prong standard and instruction to disregard would have cured error, then the test was applicable to both motion to new trial and motion for mistrial).

Although *Bustamante* lends itself to supporting this dissent, the facts and ultimate disposition in *Bustamante* are distinguishable from this case. *Id.* at 745. In *Bustamante*, the jury had received an exhibit in the jury room that was not submitted into evidence at trial and one juror read it out loud to the entire jury. *Id.* The jury sent a note out to the trial court regarding the exhibit. The trial court brought each juror out and questioned them individually. *Id.* Some jurors had heard the evidence read aloud, but all agreed that it would not affect their opinion of the case. *Id.* After all twelve jurors agreed they could disregard the evidence and it would not affect their deliberations, the trial court admonished them again as a whole. *Id.* However, in this case, that did not happen.

The jury note in this case showed plainly that the jury had considered the new

4

evidence and made a determination regarding Boswell's truthfulness. Boswell did not testify during the trial. In essence, the juror who purportedly owned the address of the property Boswell reportedly used became an unsworn witness against him. In doing so, this juror made a direct comment on Boswell's credibility without Boswell having the right to confront this witness. The plain language of the note further confirms that this "new evidence" adversely affected Boswell's credibility before the entire jury because the note states that it found Boswell dishonest. Thus, because the jury discussed this new, unverified information and made their own determination regarding its weight before requesting guidance from the trial court, there was no possible way to cure the taint of the jury with an instruction to disregard. It seems highly unlikely that the taint would have been dissipated even if the jury had been individually questioned. However, without the jury being individually questioned, there is no way to know that this information did not influence their decision. Boswell is entitled to a "fair and impartial jury" without the influence of outside information. *See* TEX. R. APP. 21.3 (f), (g). The jury note at issue is a clear indication that this jury was influenced by the information provided to them outside the courtroom.

Additionally, the majority holds that because Boswell's defense counsel did not request a lesser remedy, then the trial court did not abuse its discretion in denying the motion for mistrial. The following exchange occurred:

Court: Jury note number two says, "One member owns property that Mr. Boswell gave as his address. It is a commercial property. This jur[y] says it represents dishonesty on Mr. Boswell's part. Are we to allow or dismiss this comment?

What says the prosecutor?

5

| | |
|---|---|
| State: | I guess the language, Your Honor, that's— reiterate the language in the charge you're not to refer to any outside—anything outside of what was presented in Court. Other than that, I don't know how to fix it. |
| Defense Counsel #1: | I'm going to make a motion for mistrial. |
| Defense Counsel #2: | They were already given that instruction. |

The lesser remedy in this case was the trial court's response to the jury following the note in question. However, I conclude that the lesser remedy was insufficient. It was clear from the language of the jury note that bias had already occurred, and that the jury found Boswell dishonest. As a result, the trial court's only option at this point would have been to declare a mistrial. Boswell did not have the opportunity to confront the unsworn juror witness and did not have a fair and impartial jury deliberating his guilt or innocence because this juror injected new and unverified evidence that adversely affected Boswell's case. This is clearly incurable prejudice, and as a result, I would hold that the trial court abused its discretion in this case and no lesser remedy could have cured the taint.

### III. CONCLUSION

I would reverse the trial court's denial of Boswell's motion for mistrial and would remand the case for a new trial.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
24th day of September, 2015.

6