**Affirmed and Opinion Filed June 10, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00935-CR
### No. 05-19-00936-CR

**CHRISTIN LEE GORBY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-00375-T & F18-29750-T**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

A jury convicted Christin Lee Gorby of continuous sexual abuse of a young child and aggravated sexual assault of a child.[1]  In three issues, appellant argues the trial court erred by refusing to grant his motion for mistrial, by deciding the identity of the proper outcry witness, and by not giving him an opportunity for allocution.  In two additional issues, appellant requests we modify the judgments.  The State

---

[1] Because appellant does not challenge the sufficiency of the evidence, we only provide the facts relevant to the disposition of the appeal.  *See* TEX. R. APP. P. 47.1.

requests additional modifications to the judgments. We modify the trial court's judgments and affirm as modified.

### A. Motion for Mistrial

Appellant was charged with having committed continuous sexual assault against two minor females, P.G. and V.G. The jury convicted him as charged in the offense against V.G. and convicted him of the lesser-included offense of aggravated sexual assault against P.G. In his first issue on appeal, appellant argues the trial court abused its discretion by failing to grant his motion for mistrial based on testimony by a witness for the State that violated the trial court's limine ruling and cast appellant in a bad light. The State asserts the argument has not been preserved.

We review a trial court's denial of a motion for mistrial for an abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling and considering only the arguments before the court at the time of the ruling. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A mistrial is an appropriate remedy in extreme circumstances for a narrow class of highly prejudicial and incurable errors. *Id.* Because it is an extreme remedy, a mistrial should be granted "only when residual prejudice remains" after less drastic alternatives are explored. *Id.* at 884–85 (quoting *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. Crim. App. 2005)). Though requesting lesser remedies is not a prerequisite to a motion for mistrial, when the movant does not first request a lesser remedy, we will not reverse

the court's judgment if the problem could have been cured by the less drastic alternative. *Id.* at 885.

To preserve a complaint for appellate review, a defendant must lodge a timely and specific request, objection, or motion with the trial court and obtain an adverse ruling. TEX. R. APP. P. 33.1(a)(1)(A); *Gonzalez v. State*, 616 S.W.3d 585, 591 (Tex. Crim. App. 2020). In accordance with Rule 33.1, a motion for mistrial is timely only if it is made as soon as the grounds for it become apparent. *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007)

P.G.'s mother (Mother) testified at trial. Appellant is P.G.'s father. Mother testified she was not of sound mind when P.G. was a baby and could not care for P.G. Child Protective Services became involved. When the State asked Mother why Child Protective Services became involved, Mother stated: "Only because he beat me up, prior." The State responded: "Okay. Sorry. Let's not talk about that." Appellant's counsel then requested the lawyers approach the bench, and the record reflects a discussion was held at the bench; the record does not include a transcription of the discussion. Mother's testimony then continued and, after the State finished its direct examination, appellant moved for a mistrial based on Mother's comment that appellant beat her. The trial court denied the motion.

Mother's statement that appellant beat her was offered near the beginning of her testimony. At that time, the asserted grounds for mistrial became apparent. However, appellant waited until the end of the State's direct examination to move

–3–

for mistrial. Appellant's motion for mistrial was not timely because it was not made when the apparent grounds for mistrial became apparent. We conclude appellant failed to preserve his complaint for our review.

Additionally, if appellant had made a timely motion instead of waiting until the end of Mother's testimony, he could have requested a lesser remedy to cure any error. For example, he could have requested the trial court strike the statement from the record and instruct the jury to disregard it. However, because appellant did not assert his motion when Mother made the statement, he did not request and the trial court did not consider any lesser remedies to cure any error. Therefore, we further conclude the trial court did not abuse its discretion by denying appellant's motion for mistrial because appellant did not first request a lesser remedy.

We overrule appellant's first issue.

### B. Outcry Witness

In his second issue, appellant argues the trial court erred by concluding the proper outcry witness in the case involving P.G. was a forensic interviewer with the Dallas Children's Advocacy Center rather than Mother. The State asserts appellant failed to preserve his complaint for appeal. We agree with the State.

Outside the presence of the jury, the trial court held a hearing pursuant to Texas Code of Criminal Procedure article 38.072. Mother and the forensic interviewer both testified. At the conclusion of the hearing, the State offered the forensic interviewer as the outcry witnesses, and the trial court ruled the forensic

interviewer was the proper outcry witness. *See* TEX. CODE CRIM. PROC. ART. 38.072. Appellant did not object to this finding at the hearing or when the forensic interviewer testified. Because appellant did not assert any objections, we conclude he failed to preserve this issue for appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Gonzalez*, 616 S.W.3d at 591. Accordingly, we overrule appellant's second issue.

### C.      Right to Allocution

In his fifth issue, appellant asserts the trial court failed to afford him an opportunity for allocution. The State responds appellant failed to preserve this issue for our review. We again agree with the State.

Any common law right to allocution must be preserved by making a timely and specific objection in the trial court and obtaining a ruling. *Nelson v. State*, No. 05-18-00938-CR, 2019 WL 2121051, at \*5 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op., not designated for publication) (citing *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op on reh'g) (concluding appellant failed to preserve complaint trial court violated his right to "common law allocution" by failing to object in trial court prior to imposition of sentence); TEX. R. APP. P. 33.1(a)(1)). Although appellant had an opportunity to object that the trial court did not provide an opportunity for allocution before the court imposed the sentences, he did not do so. Because appellant was required to make a timely objection and obtain a ruling and he failed to do so, we conclude he did not preserve this issue for our review. We overrule appellant's fifth issue.

### D. Modifications to Judgments

In his third and fourth issues, appellant requests we modify the judgments as follows: (1) correct the judgment in trial court cause number F18-29750-T to show the jury convicted him of continuous sexual abuse of a child rather than aggravated sexual assault of a child and (2) delete duplicative costs. The State agrees. The State also requests we correct the following errors in trial court cause number F18-29750-T: (1) the spelling of the State's attorney's name; (2) the statute of offense; (3) appellant's plea to an enhancement paragraph and the jury's finding on that enhancement; (4) whether appellant appeared with counsel; (5) the age of the victim; and (6) appellant's punishment election. Additionally, in trial court cause number F19-00375-T, the State asks we correct the spelling of the name of the State's attorney and the victim's age. We agree these modifications are proper.

We have the power to modify the trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Because the requested modifications are proper, we modify the judgments as requested.

### E. Conclusion

We modify the trial court's judgments and affirm as modified.

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE

190935f.u05

190936f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHRISTIN LEE GORBY, Appellant

No. 05-19-00935-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1900375-T. Opinion delivered by Justice Nowell. Justices Osborne and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Attorney for State," we **DELETE** the words "Jaco Zachariah."
Under the heading "Attorney for State," we **ADD** the words "Jacob Zachariah."

We **DELETE** the sentence: "The age of the victim at the time of the offense was 14 years."
We **ADD** the sentence: "The age of the victim at the time of the offense was 7 years."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 10th day of June, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CHRISTIN LEE GORBY, Appellant

No. 05-19-00936-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1829750-T. Opinion delivered by Justice Nowell. Justices Osborne and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Attorney for State," we **DELETE** the words "Jaco Zachariah."
Under the heading "Attorney for State," we **ADD** the words "Jacob Zachariah."

Under the heading "Offense for which Defendant Convicted," we **DELETE** the words "Sex Abuse Continuous Child/14."
Under the heading "Offense for which Defendant Convicted," we **ADD** the words "Aggravated Sexual Abuse of a Child."

Under the heading "Statute for Offense," we **DELETE** the words "21.02 Penal Code."
Under the heading "Statute for Offense," we **ADD** the words "22.021 Penal Code."

Under the heading "1st Enhancement Paragraph," we **DELETE** the letters "N/A."
Under the heading "1st Enhancement Paragraph," we **ADD** the word "True."

Under the heading "Finding on 1st Enhancement Paragraph," we **DELETE** the letters "N/A."
Under the heading "Finding on 1st Enhancement Paragraph," we **ADD** the word "True."

We **DELETE** the sentence: "The age of the victim at the time of the offense was 14 years." We **ADD** the sentence: "The age of the victim at the time of the offense was 7 years."

Under the heading "Counsel/Waiver of Counsel (select one)," we **DELETE** the "x" in the box next to the statement "Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court."
Under the heading "Counsel/Waiver of Counsel (select one)," we **ADD** an "x" in the box next to the statement "Defendant appeared with counsel."

Under the heading "Punishment Assessed by Jury/Court/No Election (select one)," we **DELETE** the "x" in the box next to the statement "Court. Defendant elected to have the Court assess punishment."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 10th day of June, 2021.